IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| REMA CHARLES WOLF,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORT ARTHUR, DARLENE THOMAS-PIERRE, RONNIE MICKENS, DEBORAH VERRET, CONSTRUCTION BOARD OF ADJUSTMENTS AND APPEALS, CLIFTON BATISTE, ARAINA DANIELS, WARREN FIELD, and ALLEN WATSON,<br><br>Defendant. | NO. 1:20-CV-00465-MAC-ZJH |

**REPORT AND RECOMMENDATION DENYING MOTIONS TO REOPEN CASE**

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred to the undersigned Magistrate Judge for pretrial management. Pending before the court is Plaintiff Rema Charles Wolf's *Motion to Reopen Case* (Doc. No. 14), entered by her attorney, Bruce Cobb, and Wolf's *pro se* identical and duplicate *Pro Se Motion to Reopen Case* (Doc. No. 15) [hereinafter, "Motions to Reopen Case"].

On October 4, 2021, the undersigned recommended that the court grant Wolf's *Motion for Final Order of Dismissal* (Doc. No. 10), which requested that her complaint against all Defendants be dismissed without prejudice under Rule 41(a)(1)(A)(ii). Doc. Nos. 9, 10; *R. & R.*, Doc. No. 11. On October 20, 2021, Judge Crone adopted the undersigned's *Report and Recommendation*, and

the Clerk's Office closed this case.  Doc. No. 12.  Now pending are Wolf's duplicate *Motions to Reopen Case*.  Doc. Nos. 14, 15.[1]

Rule 41(a)(1)(A)(ii) allows a plaintiff to "dismiss an action without a court order by filing . . . a stipulation signed by all parties who have appeared."  FED. R. CIV. P. 41(a)(1)(A)(ii).  "Once the parties agree[] to a voluntary dismissal, the court [is] deprived of jurisdiction[.]"  *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 295 (5th Cir. 2016); *see also Defense Distributed v. United States Dep't of State*, 947 F.3d 870, 872 (5th Cir. 2020) ("The court lost jurisdiction when the parties voluntarily dismissed the entire suit under Rule 41(a)(1)(A)(ii)."); *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415–16 (5th Cir. 2018) ("A stipulation of dismissal under [Rule 41(a)(1)(A)(ii)] ordinarily—and automatically—strips the district court of subject matter jurisdiction.") (citation omitted); *SmallBrizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) ("Because filing a voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) is effective immediately, any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without any court action."); *Meinecke v. H & R Block of Hous.*, 66 F.3d 77, 82 (5th Cir. 1995) ("We have held that, when the parties file a stipulation of voluntary dismissal pursuant to Rule 41(a)(1)[A](ii) any further actions by the court [are] superfluous.") (internal quotation marks and citations omitted).

Accordingly, as the court has previously granted Wolf's *Motion for Final Order of Dismissal* under Rule 41(a)(1)(A)(ii), Wolf's duplicate *Motions to Reopen Case* (Doc. Nos. 14, 15) must be denied, as the previously-entered stipulation of dismissal deprived the court of jurisdiction.

---

[1] On June 28, 2023, to address these duplicate filings, the undersigned ordered an in-person hearing on these motions, set for Thursday, July 20, 2023 at 1:15 p.m.  Doc. No. 21 at 2.  On July 20, 2023, the undersigned held a hearing, however, neither Wolf nor her attorney appeared—in-person or otherwise—at the hearing.  Min. Entry, July 20, 2023.

I. **Recommendation**

For these reasons, the undersigned recommends **DENYING** Plaintiff Rema Charles Wolf's duplicate *Motion to Reopen Case* (Doc. Nos. 14, 15).

II. **Objections**

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

"Federal Rule of Civil Procedure 41(a)(1)(A)(i) allows a plaintiff to voluntarily dismiss an action without a court order by filing 'a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings

of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 28th day of July, 2023.

_____
Zack Hawthorn
United States Magistrate Judge