| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

REMA CHARLES WOLF, §
§
      Plaintiff, §
§
*versus* §
§
CITY OF PORT ARTHUR, DARLENE § NO. 1:20-CV-00465-MAC-ZJH
THOMAS-PIERRE, RONNIE MICKENS, §
DEBORAH VERRET, CONSTRUCTION §
BOARD OF ADJUSTMENTS AND §
APPEALS, CLIFTON BATISTE, ARAINA §
DANIELS, WARREN FIELD, and ALLEN §
WATSON, §
§
      Defendants. §

## **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On November 13, 2020, the court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for all pretrial matters pursuant to a standing order. On September 9, 2021, Plaintiff Rema Charles Wolf, then proceeding *pro se*, filed a Notice to Dismiss Case (#9), and subsequently, on October 4, 2021, a Motion for Final Order of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (#10). Judge Hawthorn issued a Report and Recommendation (#11) granting Wolf's motion, which the court adopted on October 20, 2021. (#12). Now pending before the court are Wolf's duplicate Motions to Reopen Case, one of which was filed *pro se*, and another purportedly filed by attorney Bruce Cobb, accompanied with an appearance of counsel. (#14, 15).

On July 20, 2023, Judge Hawthorn held a hearing on these motions to determine the actual drafter of these identical, duplicate motions. After sending notice to Mr. Cobb at two

separate e-mail addresses, neither Mr. Cobb nor Wolf attended this hearing. On July 28, 2023, Judge Hawthorn issued his Report and Recommendation (#22), recommending that the court deny both motions because the court lacks subject-matter jurisdiction after the parties' earlier entry of joint stipulation of dismissal. On July 31, 2023, Wolf filed a *pro se* Motion to Not Dismiss Case. (#23). On August 10, 2023, Mr. Cobb filed objections (#24) to Judge Hawthorn's Report and Recommendation, and concurrently, filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (#25). The court will address each motion in turn.

### A. Hybrid Representation

First, in Wolf's *pro se* Motion to Not Dismiss Case (#23), she explicitly states, "Plaintiff[] hired Mr. Bruce Cobb as an attorney to represent them on this case and [she] paid him to do what is need[ed] to be done by law." This motion does not bear the signature of Mr. Cobb. Moreover, there is no indication that Mr. Cobb has adopted the *pro se* motion. *See Papillion v. Vannoy*, No. 2:16-CV-00273, 2016 WL 7323320, at *2 (W.D. La. Dec. 13, 2016) ("An attorney is not required to adopt a *pro se* motion filed by his client."); *accord Duraso v. Vannoy*, No. 2:17-CV-1530, 2018 WL 3469726, at *12 (W.D. La. June 7, 2018), *adopted by* 2018 WL 3469623 (W.D. La. July 18, 2018).

Without the approval of or the adoption of the motion by plaintiff's counsel, Wolf is not permitted to file *pro se* pleadings. "In civil cases, 'an appellant is not entitled to hybrid representation.'" *Ag Acceptance Corp. v. Veigel*, No. 2:06-CV-272-J, 2008 WL 11452389, at *1 (N.D. Tex. Feb. 11, 2008) (quoting *Posner v. Dall. Cnty. Child Welfare Unit of Tex. Dep't of Hum. Servs.*, 784 S.W.2d 585, 588 (Tex. App.—Eastland 1990, writ denied); *Diamond Consortium, Inc. v. Manookian*, No. 4:16-CV-00094, 2017 WL 2364039, at *2 (E.D. Tex. May

31, 2017) (denying application for admission pro hac vice because "an applicant nonetheless may not appear before the Court to engage in hybrid representation. Manookian and Cummings are both represented by counsel."); *see also McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004) (holding that a civil litigant "has a right to represent himself or to be represented by an attorney, but he cannot have it both ways. There is no right to hybrid representation in the federal courts.").

Indeed, Wolf's attorney, Bruce Cobb, has filed objections to Judge Hawthorn's report (#24) and a separate Motion for Reconsideration (#25). These filings indicate that Wolf maintains representation in this case. Accordingly, the court strikes from the record all filings made by Wolf in her *pro se* capacity, including her *pro se* Motion to Reopen Case (#15) and her *pro se* Motion to Not Dismiss Case (#23). These motions are not properly before the court, as the court may not entertain hybrid representation from a represented party.

B. Rules 59(e) and 60

In the objections to Judge Hawthorn's report, Wolf contends that Judge Hawthorn "should have liberally construed Plaintiff's Motion to Reopen as a Motion seeking relief under [Rule] 60(b)(6)." (#24 at 1). First, Wolf's Motion to Reopen Case (#14) is entirely devoid of any mention of either Rule 60(b)(6) or that Wolf seeks relief from a final judgment.[1] FED. R. CIV. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding[.]").

Wolf's Motion to Reopen Case merely states that "plaintiff respectfully ask[s] this court to reopen [her] case at this court for justice to be done." (#14 at 1). A motion to reopen one's

---

[1] Nor does Wolf receive the benefit of liberal construction in her pleadings as she is not a *pro se* litigant in this action. As previously discussed, Wolf is represented by counsel.

case is not equivalent to a motion for relief from a final judgment.  Nor did Wolf's Motion to Reopen Case mention any Federal Rule of Civil Procedure or basis for the motion.  Indeed, Rule 60(b)(6) allows for relief from judgment based on "any other reason that justifies relief."  FED. R. CIV. P. 60(b)(6).  In her instant Motion to Reopen Case, Wolf failed to provide a basis for reopening her case or for relief from final judgment other than "for justice to be done."  This is not enough.

Similarly, Wolf's pending objections to Judge Hawthorn's report state that the City of Port Arthur is "dump[ing] hydraulic fluid on [Wolf's] property," which purportedly violates Texas's environmental laws, and that Judge Hawthorn "erred in failing to recognize the factual circumstances" incorporated in Wolf's objections.  (#24 at 3).  However, Wolf never mentioned these facts in her Motion to Reopen Case.  Judge Hawthorn was therefore never apprised that Wolf (1) allegedly faced such continuing violations from the City of Port Arthur, and (2) brought a Motion for Relief from Final Judgment under Rule 60(b)(6).  As further discussed below, the objections do not mention Judge Hawthorn's discussion in his Report and Recommendation (#22), as required by 28 U.S.C. § 636.

Second, the court cannot consider Wolf's instant Motion for Reconsideration, brought pursuant to Rule 59(e). (#25).  Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."  FED. R. CIV. P. 59(e).  On October 4, 2021, the court entered a final judgment in this case.  (#12).  Thus, Wolf's opportunity to bring this motion has long passed, making the instant motion untimely.  To the extent that Mr. Cobb is attempting to use Rule 59(e) as a basis for reconsidering the Motion to Reopen Case because he missed Judge Hawthorn's hearing, that argument will also be further addressed below.

C.  Attorney Bruce Cobb's E-mails

On June 28, 2023, Judge Hawthorn issued an Order Setting Hearing, requiring Wolf and her attorney to attend a hearing before him.  (#21).  On July 20, 2023, Judge Hawthorn held a hearing, however, neither Wolf nor Mr. Cobb attended.  In her Motion for Reconsideration, Mr. Cobb represents that he "did not attend the hearing because he did not receive notice of the hearing. . . . The Court had sent notice to a different email address."  (#25 at 1).

In his Signature Block attached to his Motion for Reconsideration, Mr. Cobb provided "bwcobb54@gmail.com" as his email address.  (#25 at 3).  This, however, is identical to the e-mail address that the court already has on the docket, and is the same e-mail address attached to Mr. Cobb's original Motion to Reopen Case.  (#14 at 1).[2]  The court therefore sent notice of Judge Hawthorn's hearing to the correct e-mail address(es).  *See* E.D. TEX. LOCAL RULE CV-5(a)(2)(A) ("Documents sent from the court will be deemed delivered if sent to the last known e-mail address given to the court.").  Even if the court's records contained the incorrect e-mail address for Mr. Cobb, it is *his responsibility* to update his contact information as such.  *Id.* ("After registration, attorneys are required to maintain their own account information, including changes in e-mail address.").  Accordingly, Mr. Cobb's arguments are simply incorrect:  the court sent notice to the e-mail address that Mr. Cobb uses to receive communications in this case, and importantly, it is at all times *his* responsibility to update his e-mail address, not the court's.  *Id.*

---

[2] The CM/ECF docket entry Notice of Electronic Filing indicates that Judge Hawthorn's Order was also sent to bwcobb11554@yahoo.com.

5

### D. Subject-Matter Jurisdiction

Finally, Wolf's objections are devoid of any mention of Judge Hawthorn's analysis regarding the lack of subject-matter jurisdiction in this case. Objections brought pursuant to Title 28 U.S.C. § 636 *must* specifically address the magistrate judge's "proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C). Judge Hawthorn correctly determined that after entry of a joint stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), the court lacks subject-matter jurisdiction to further entertain the case. (#22). After conducting a *de novo* determination of Judge Hawthorn's report, the court finds that the objections have no merit and that Judge Hawthorn correctly concluded that Wolf's Motion to Reopen Case (#14) should be denied.

It is therefore ORDERED that the report and recommendation of the magistrate judge (#22) is ADOPTED. It is further ORDERED that Plaintiff Rema Charles Wolf's *pro se* Motion to Reopen Case (#15) and *pro se* Motion to Not Dismiss Case (#23) are both stricken from the record. Wolf's Motion to Reopen Case (#14) and Motion for Reconsideration (#25) are DENIED. All remaining motions are terminated as moot.

SIGNED at Beaumont, Texas, this 17th day of August, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE